UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. FRAZIER and KASANDRA A. EMSLANDER, on behalf of themselves and similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RANCHO CORDOVA, RANCHO CORDOVA POLICE DEPARTMENT, RANCHO CORDOVA POLICE OFFICERS BADGE NO. 168, BADGE, NO. 1348, and DOES 1 – 100.<br><br>Defendants. | No. 2:15-cv-00872-TLN-KJN<br><br>**ORDER** |

Plaintiffs Christian J. Frazier and Kasandra A. Emslander ("Plaintiffs") have moved to strike (ECF No. 5) the affirmative defenses asserted in Defendants City of Rancho Cordova, Rancho Cordova Police Department, and Rancho Cordova Police Officers with Badge Numbers 168 and 1348's ("Defendants") answer (ECF No. 4). Counsel for Plaintiffs have also moved to withdraw as attorneys of record. (ECF No. 11.) For the reasons stated below, the motion to strike is GRANTED WITH LEAVE TO AMEND, and the motion to withdraw is GRANTED.

**I.    Background**

This case was removed from state court on April 22, 2015. The complaint brings seven causes of action based on police harassment due to Plaintiffs' status as homeless persons.

1

On April 29, 2015, Defendants filed an answer asserting 17 affirmative defenses. (ECF No. 4.) On May 20, 2015, Plaintiffs filed a motion to strike said defenses, primarily on the basis that they lacked supporting facts and/or were boilerplate defenses. (ECF No. 5.) Defense filed an opposition on June 4, 2015, in large part seeking to amend their answer to address Plaintiffs' objections that the defenses as pled lacked adequate supporting facts. (ECF No. 6.) Defendants also attached a proposed amended answer.

Subsequent to filing the motion to strike counsel for Plaintiffs filed a motion to withdraw as attorneys on November 16, 2015. (ECF No. 11.)

**II. Motion to Withdraw**

Eastern District Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

California Rule of Professional Conduct 3-700(C)(1)(d) also provides that withdrawal is permissible when the client's conduct "renders it unreasonably difficult" for counsel to carry out his employment effectively.

Counsel submits they have been unable to contact Plaintiffs for the last several months despite repeated attempts and messages requesting that Plaintiffs contact counsel. Counsel submits they have sent Plaintiffs all documents associated with the instant motion in compliance with Local Rule 182(d); the last known addresses for Plaintiffs were "General Delivery" in Rancho Cordova. (Merin Decl. ¶¶ 4, 5.)

This motion is unopposed. Good cause shown and the requirements of Local Rule 182(d) having been met, Mark E. Merin's and Paul H. Masuhara's motion to withdraw as attorneys for Plaintiff is GRANTED.

2

### III. Motion to Strike

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.,* 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973–74 (9th Cir. 2010)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Such motions should only be granted if 'the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit.'" *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (citing *Rivers v. County of Marin,* 2006 WL 581096, at *2 (N.D. Cal., March 7, 2006)) (emphasis omitted). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a).

B. <u>Fair notice</u>

This Court has previously found that the heightened pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) does not apply to affirmative defenses asserted in a defendant's answer. *Dodson v. Gold Country Foods, Inc.*, 2013 WL 5970410 (E.D. Cal., Nov. 4, 2013) (Nunley, J.). Accordingly, this Court has applied the "fair notice" pleading standard to the assertion of defenses. *See id.*; *Wyshak*, 607 F.2d at 828 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"); *Mayfield v. County of Merced*, 2015 WL 791309, at *5 (E.D. Cal., Feb. 25, 2015) ("Fair notice generally requires that the

3

defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based"). However, other courts in this district have applied the heightened pleading standard. *See e.g. Dodson v. Strategic Restaurants Acquisition Co. II, LLC,* 289 F.R.D. 595, 603 (E.D. Cal. 2013) (Karlton, J.).

While the parties dispute whether the "fair notice" standard should continue to be applied, Plaintiffs do not direct the Court to appellate authority that would overturn this Court's ruling in *Dodson v. Gold County Foods.* The Court also notes that subsequent to the filing of the instant briefs, the Ninth Circuit, though not expressly discussing the split of authority in this district, has indicated: "[n]onetheless, the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.' 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998)." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Therefore, the Court will continue to apply the "fair notice" standard in evaluating whether an affirmative defense is adequately pled.

### C. First Defense: Failure to State a Claim

Defendants' answer asserts: "The Complaint in its entirety and through each separately stated cause of action fails to state facts sufficient to state a claim upon which relief can be granted against this answering Defendant." (Answ. at 5.)

The parties dispute whether the foregoing is properly brought as an affirmative defense. Some courts have found failure to state a claim to be a proper affirmative defense. *See e.g. E&J Grenade Beverage LLC*, 2014 WL 641901, at *1 (E.D. Cal., Feb. 18, 2014); *Hernandez v. Balakian*, 2007 WL 1649911, at *2 (E.D. Cal. June 1, 2007). The clear majority of courts have not permitted such a defense. *See e.g. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] *prima facie* case"); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) ("failure to state a claim is not an affirmative defense; it is a defect in a plaintiff's claim"); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *McCune v. Munirs Co.,* 2013 WL 5467212, at *3 (E.D. Cal. Sept. 30, 2013); *J & J Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886, at *5

Case 2:15-cv-00872-TLN-KJN   Document 14   Filed 02/01/16   Page 5 of 7

(N.D. Cal. Apr. 25, 2011); *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("that [a] plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense"); *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo,* 446 U.S. 635, 640–41) (1980) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true").

This Court finds this defense must be stricken.[1] The Court makes this finding, noting that Defendants do not elaborate in any manner on why Plaintiffs have failed to state a claim; the defense is pled in a boilerplate fashion and does not plead "matters extraneous to the plaintiff's prima facie case*,*" *Fed. Deposit Ins. Corp.*, 655 F. Supp. at 262.  Therefore, the motion to strike Defendants' first affirmative defense is GRANTED WITH LEAVE TO AMEND.

D.  <u>Second Defense: Lack of Standing</u>

Defendants' Answer asserts: "Plaintiffs' claims, and each of them, are barred on the ground that Plaintiffs lack standing." (Answ. at 5.)

The parties dispute whether a lack of standing is considered an affirmative defense, but Plaintiffs concede that it is a contested point among district courts.  *See e.g. Quintana v. Baca*, 233 F.R.D. 562, 566 (C.D. Cal. 2005) (such "defenses draw upon Article III of the Constitution to assert that the complaint does not present a valid case and controversy because the plaintiff lacks standing to bring this case and the plaintiff has not suffered an injury-in-fact. The contentions do not represent affirmative defenses. These issues are more properly brought before the Court in conjunction with pre-trial motions. The Court strikes these defenses as improper.")  *But see e.g. Joe Hand Promotions, Inc. v. Dorsett*, 2013 WL 1339231, at *5 (E.D. Cal. Apr. 3, 2013) ("[S]tanding has been considered a proper affirmative defense by many courts ... The Court further finds that Plaintiff's Motion to Strike this defense must also be denied because Plaintiff has failed to demonstrate prejudice").

The parties also dispute whether the affirmation of this defense is prejudicial to

---

[1] The reasoning in *Hernandez v. Balakian*, 2007 WL 1649911, at *2 (E.D. Cal. June 1, 2007) is acknowledged.

1  Defendants. Plaintiffs direct the Court to *Dodson*, 289 F.R.D. at 602, holding: "If a Defendant
2  cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and
3  unnecessary to force plaintiffs to conduct discovery into those defense." Plaintiffs do not specify
4  why asserting this defense in this case would be prejudicial, or explain how discovery would be
5  affected. However, the defense as pled does not elaborate in any manner on why Plaintiffs lack
6  standing. The defense is pled in a boilerplate fashion and does not plead "matters extraneous to
7  the plaintiff's prima facie case," *Fed. Deposit Ins. Corp.*, 655 F. Supp. at 262. Further,
8  Defendants expressly state they assert this defense in order to preserve it at this early stage in the
9  litigation, but offer no authority finding this to be proper grounds for asserting such a defense.
10 (Def.'s Opp.'n at 5.) *See e.g. E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055
11 (E.D. Cal. 2010) ("A 'reservation of affirmative defenses' is not an affirmative defense. In light
12 of Rule 15, the Court does not see the propriety of [Defendant's] reservation. Rule 15 is the
13 procedural mechanism that parties must follow in order to amend their pleadings, and Rule 15
14 does not require a defendant to 'expressly reserve' unnamed affirmative defenses in its answer").
15 Therefore, the motion to strike Defendants' second affirmative defense is GRANTED WITH
16 LEAVE TO AMEND.

17      E.   Fifteenth Affirmative Defense: Failure to Mitigate Damages
18      Defendants' Answer asserts: "Plaintiffs failed to exercise reasonable diligence so as to
19 mitigate the damages, if any, alleged in the Complaint, and said conduct was the sole and
20 proximate cause of said injuries." (Answ. at 7.)
21      The parties dispute whether this generalized statement is proper, and courts have
22 permitted such generalized statements. *See e.g. Eurow & O'Reilly Corp. v.Super. Mfg. Grp., Inc.*,
23 2015 WL 1020116, at *3 (C.D.Cal. Mar. 6, 2015) ("courts have typically held that a generalized
24 statement meets a party's pleading burden with respect to the affirmative defense of damage
25 mitigation"). Other courts have not. *See e.g. J & J Sports Prods., Inc. v. Ramirez Bernal*, 2014
26 WL 2042120, at *7 (E.D. Cal., May 16, 2014)
27      Defendants again aver they do not actually know whether this defense is applicable, but
28 assert it in order to preserve it at this early stage in the proceeding. (Def.'s Opp.'n at 12.)

Defendants do not provide authority for permitting a defense solely on these grounds. Moreover, the answer as a whole lists 17 affirmative defenses that are pled in a general, boilerplate way. This defense as pled is representative of the defect in the answer as a whole, which is that every conceivable defense is pled with no supporting detail – a catch-all – thus making it pointless to plead individual defenses. For those reasons, Plaintiffs' motion to strike Defendants' fifteenth affirmative defense is GRANTED WITH LEAVE TO AMEND.

      F.   Remaining Defenses

Plaintiffs seek to strike all remaining defenses primarily on the basis that they are pled in a boilerplate fashion and lack supporting details. Defendants generally oppose the motion, although they appear to concede to the striking of some defenses. Defendants' primary argument, for those they do not concede to striking, is that an amended answer would address all concerns regarding lack of factual support and/or lack of clarity. Defendants have attached a proposed amended answer.[2] (ECF No. 6-1.) The Court will construe Defendants' opposition and proposed amended answer to be a concession that the instant answer is insufficient, Fed. R. Pro. 12(f). Accordingly, as to the remaining defenses, Plaintiffs' motion to strike is GRANTED WITH LEAVE TO AMEND.

**IV.  Conclusion**

For the foregoing reasons:

- Counsel Mark E. Merin and Paul H Masuhara's Motion to Withdraw as Attorneys (ECF No. 11) is GRANTED.
- Plaintiffs' Motion to Strike (ECF No. 5) is GRANTED WITH LEAVE TO AMEND.
- Defendants may file an amended answer within 30 days of entry of this Order.

Dated: January 29, 2016

Troy L. Nunley
United States District Judge

---

[2] Defendants request that the Court adopt the proposed amended answer in its entirety, in the instant Order. (Def.'s Opp.'n at 15.) Defendants should file an amended answer like any other pleading.