UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. FRAZIER, et al., | No. 2:15-cv-0872-TLN-KJN (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF RANCHO CORDOVA, et al., | |
| Defendants. | |

Through these findings and recommendations, the undersigned recommends that plaintiffs' case be dismissed with prejudice.  Plaintiffs repeatedly failed to comply with the court's orders directing plaintiffs to file a status report, failed to appear at the status (pretrial scheduling) conference set on June 28, 2016, and have not made an appearance in this action since their counsel's motion to withdraw from representation, which was filed on November 16, 2015, was granted.  Furthermore, plaintiffs have failed to keep the court informed of their current address(es) despite the fact that the court has specifically notified them of their continuing duty to do so pursuant to Local Rule 182(f).  Accordingly, for the reasons discussed below, the undersigned recommends that plaintiffs' case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////

////

1

I. BACKGROUND

On April 22, 2015, defendant City of Rancho Cordova ("defendant") removed this action to this court from the Sacramento County Superior Court on the basis of this court's federal question jurisdiction. (ECF No. 1.) At the time of removal, plaintiffs were both represented by counsel. On April 29, 2015, defendant filed an answer.[1] (ECF No. 4.)

Plaintiffs' counsel filed a motion to withdraw from representation on November 16, 2015. (ECF No. 11.) In his motion, plaintiffs' counsel represented that he sought to withdraw because he had been unable to get into contact with plaintiffs, both of whom are allegedly homeless, at any time in the prior several months, despite having made multiple attempts to do so and having left voice mail messages at the phone numbers they provided. (Id.) Plaintiffs' counsel's motion was granted by the assigned district judge on February 1, 2016. (ECF No. 14.)

On March 7, 2016, the assigned district judge referred this case to the undersigned for all purposes, exclusive of the pretrial conference and trial, pursuant to Local Rule 302(c)(21) in light of the fact that all plaintiffs were now proceeding in this action *in propria persona*. (ECF No. 17.) Accordingly, on April 1, 2016, the undersigned issued an order setting this case for a status (pretrial scheduling) conference on May 12, 2016, and directed the parties to meet and confer and file a joint status report addressing certain topics no later than 14 days prior to the scheduled conference date. (ECF No. 18.)[2] Despite this order, none of the parties timely filed a status report. Accordingly, the undersigned issued an order to show cause ("OSC") on May 4, 2016, directing the parties to show cause in writing why they should not be sanctioned for their failures

---

[1] Plaintiffs subsequently filed a motion to strike the answer, which was granted with leave to amend. (ECF Nos. 5, 14.) Defendant subsequently filed an amended answer, which has not been challenged. (ECF No. 15.)

[2] Copies of this order, and all subsequent orders issued in this action, that have been mailed to plaintiffs have been returned as undeliverable. However, it is plaintiffs' duty to keep the court informed of their current address(es), and service of the court's orders at the address on record for both plaintiffs was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

to timely file a status report. (ECF No. 19.) The undersigned also directed plaintiffs to provide the court with their updated address(es) in compliance with Local Rule 182(f).[3] (Id.) Finally, the undersigned continued the status (pretrial scheduling) conference to June 30, 2016, and directed the parties to file a status report no later than 14 days prior to the conference date. (Id.)

Defendant filed its response to the OSC and a status report on May 9, 2016. (ECF No. 9.) In its response, defendant represented that it had been unable to contact plaintiffs to meet and confer regarding the preparation of a joint status report and did not have any updated contact information for plaintiffs. (Id.) In light of this filing, the undersigned discharged the OSC as to defendant, but not plaintiffs. (ECF No. 22.)

The status (pretrial scheduling) conference was held in this matter on June 30, 2016. (ECF No. 24.) Attorney Carl Fessenden appeared telephonically on behalf of defendant. (Id.) However, neither plaintiff made an appearance. (Id.) To date, neither plaintiff has responded to the court's OSC, despite being warned that sanctions would issue for failing to respond, or has otherwise made an appearance in this action since plaintiffs' counsel withdrew from representation.

## II.  LEGAL STANDARDS

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that

---

[3] Since their counsel's withdrawal, plaintiffs' address has been listed as follows: General Delivery, Rancho Cordova, CA 95670. To date, neither plaintiff has filed notice of a change of address.

1  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a
2  way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods.
3  Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).
4      Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
5  with these Rules or with any order of the Court may be grounds for imposition by the Court of
6  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
7  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

12  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
13  same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in
14  accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's
15  case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his
16  or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the
17  court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a
18  court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation
19  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss
20  an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to
21  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53
22  ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963
23  F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
24  an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City
25  of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent
26  power to control their dockets and may impose sanctions including dismissal or default).
27  ////
28  ////

III. DISCUSSION

Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik factors weigh in favor of dismissal of this action. See Ferdik, 963 F.2d at 1260. The first two Ferdik factors strongly support dismissal here. Plaintiffs' multiple failures to file a status report, despite a clear warning that sanctions will issue if they fail to do so (ECF No. 19), failure to update their address(es), and failure to appear at the June 30, 2016 status (pretrial scheduling) conference, strongly suggest that plaintiffs are not interested in seriously prosecuting this case in good faith, or at least, do not take their obligations to the court and other parties seriously. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Any further time spent by the court on this case, for which plaintiffs have demonstrated a lack of any serious intention to pursue in good faith, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third Ferdik factor, prejudice to a defendant, also favors dismissal. Due to plaintiffs' failures to file a status report, update their address(es), and to appear at the June 30, 2016 status (pretrial scheduling) conference, defendant has been required to needlessly spend additional time and resources to defend itself and has been subjected to an unreasonable delay in its ability to proceed in this action. Indeed, defendant has indicated that it has made efforts to meet and confer with plaintiffs in an attempt to comply with the court's orders, but that those efforts have been frustrated by plaintiffs' lack of compliance with court orders and general unavailability. (See ECF No. 21.) Furthermore, defendant has been required to appear through its counsel at a hearing that plaintiffs failed to attend. (See ECF No. 24.) The fact that plaintiffs' inaction in this case has caused defendant to needlessly expend time and resources shows that defendant has been prejudiced. In addition, plaintiffs' unreasonable delay in prosecuting this action has prevented defendant from attempting to resolve this case on the merits. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

////

5

The fifth <u>Ferdik</u> factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the undersigned has actually pursued remedies that are less drastic than a recommendation of dismissal. See <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal"). For instance, the undersigned gave plaintiffs an additional opportunity to submit a joint statement and continued the status (pretrial scheduling) conference to a later date in order to allow plaintiffs time to make such a filing. (ECF No. 19.) Similarly, the undersigned advised plaintiffs of their continuing duty to provide notice of a change of address pursuant to Local Rule 182(f). (<u>Id.</u>) The undersigned provided these additional opportunities despite the fact that plaintiffs had already been warned that a failure to comply with the court's orders would result in the imposition of appropriate sanctions. (<u>See</u> ECF No. 18.) In granting plaintiffs these additional opportunities, the court yet again warned plaintiffs that appropriate sanctions would issue if they did not comply. (ECF No. 19.) Despite taking less drastic measures in providing plaintiffs additional opportunities to rectify their failures and warning them of the consequences for not doing so, plaintiffs yet again failed to follow the court's orders and failed to attend the June 30, 2016 hearing.

At this juncture, the undersigned finds no suitable alternative to a recommendation that this action be dismissed. Plaintiffs have continued to not follow court orders and have failed to attend scheduled proceedings in this case. In light of plaintiffs' complete failure to appear in this action in any capacity since their counsel withdrew, the undersigned has little confidence that plaintiffs would pay monetary sanctions if they were imposed in lieu of dismissal.

The undersigned also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations

6

and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263. If anything, a disposition on the merits has been hindered by plaintiffs' repeated failures to comply with the court's orders and the rules of litigation procedure.

In sum, the court endeavors to give pro se litigants who are unfamiliar with court procedures a fair opportunity to present their cases. As such, the undersigned has given plaintiffs several opportunities to address their failures to follow court orders. Yet plaintiffs did not seize upon these opportunities, and decided instead to disregard the court's orders and not appear at court proceedings scheduled in this matter. The undersigned has also provided plaintiffs with cautionary instructions and afforded plaintiffs some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to the other litigants.

IV.     CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

1    IT IS SO RECOMMENDED.

2 Dated: July 1, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE